Dear Mr. Johnson:
Your request for an opinion concerning the surrendering by commercial sureties of individuals charged in Monroe City Court has been forwarded to me for research and reply. You asked:
 1. Does a bondsman have to surrender the defendant on the original bond before he can be relieved of any and all obligations under the bond?
 2. Can a bondsman arrest the defendant on the bench warrant, even though he may arrest the defendant on the original charge for the purpose of surrendering him?
 3. If a defendant fails to appear in court and is called on bond and a bench warrant is issued, does anyone have the authority to set aside the bond and require the defendant to repost the original bond? If so, who is authorized?
The bail articles of the Louisiana Code of Criminal Procedure, located in Title VIII and currently designated as Articles 311 et seq., were recently revised by Acts 1993, No. 834, § 1, effective June 22, 1993. As a result, there is very little jurisprudence interpreting these articles. In order to answer your questions, this opinion will analyze the new articles, and apply by analogy cases interpreting the prior articles.
The thrust of your questions concern the differences between the surrender of a defendant and the appearance of a defendant. For purposes of this opinion, I will assume that bail has been set and the defendant has posted a bond through a qualified commercial surety. In addition, I will also assume that the defendant and his surety have been given proper notification of an appearance date under C.Cr.P. Art. 344.
If the defendant fails to appear at the time fixed for his appearance date, the prosecuting attorney may ask the court (1) to issue an arrest warrant for the defendant and (2) to forfeit the defendant's bond. La. R.S. 15:85(1). Before the court will issue the arrest warrant or order the bond forfeited, the prosecuting attorney must present the court with proper evidence. Proper evidence is defined by La. R.S. 15:85(1) as:
 . . . the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, . . .
Subsequent to the issuance of the arrest warrant, and the order forfeiting the defendant's bond, the court shall sign a written judgment of bond forfeiture. La. R.S. 15:85(1). Notice of this judgment is then mailed, certified mail with return receipt, to the defendant, to the agent or bondsman who posted the bond for the commercial surety, and to the commercial surety. La. R.S.15:85(3)(a). After mailing the notices, the clerk of court shall execute an affidavit of the mailing. The affidavit and the return receipts are then placed in the record. La. R.S. 15:85(3)(b).
Once these procedures have been followed, the surety has a limited amount of time to challenge the judgment itself and/or to be relieved from the judgment of bond forfeiture. First, to challenge the judgment itself, the surety may bring defenses and actions in nullity before the trial court which issued the judgment of bond forfeiture. These defenses and actions in nullity must be brought within sixty days from the mailing of the notice by the clerk of court.[1] La. R.S. 15:85(5). Second, to be relieved from the judgment of bond forfeiture, the surety must surrender the defendant or the defendant must make an appearance. La. R.S. 15:85(10). This surrender or appearance of the defendant must be within six months from the mailing of the notice by the clerk of court. La. R.S. 15:85(5). For purposes of this opinion, we are only concerned with what constitutes a surrender of a defendant or an appearance by a defendant.
According to La. R.S. 15:85(10), if the defendant is surrendered, the judgment of bond forfeiture will be fully and finally satisfied and the surety will be relieved of any and all obligations under the bond. As a result, the relationship between the surety and the defendant is totally severed. Because of this, after a defendant has been properly surrendered, the court must reset bail before the defendant can be subsequently released. C.Cr.P. Art. 347.
In contrast, an appearance by the defendant operates only to satisfy the judgment of bond forfeiture. La. R.S. 15:85(10). Because an appearance only satisfies the judgment of bond forfeiture, the surety is not released from the original bond. This means that when a judgment of bond forfeiture has been issued, and the defendant makes an appearance, the court may again release the defendant under the original bond. If this is done, the defendant and surety will be placed in the same position as they were before the defendant absconded. See State v. Wheeler, 508 So.2d 1384 (La. 1987) (reaching this conclusion under the old articles; the new articles do not change this result).
As mentioned above, when the defendant makes an appearance, there is no requirement placed upon the court to set a new bail amount. But, if the court chooses, the court can modify the defendant's bail obligation under C.Cr.P. Art. 342. If the defendant's bail obligation is modified under Art. 342, this modification has the effect of terminating the liability of the defendant and his sureties under the previously existing bail contract. As a result, any time the defendant's bail obligation is modified under Art. 342, new bail must be posted in the proper amount before the defendant can be released.
Because the obligations of the parties are drastically different, depending upon whether there is a surrender of the defendant or an appearance by the defendant, the Code of Criminal Procedure defines what constitutes a surrender. C.Cr.P. Art. 345
defines four ways a surety may surrender a defendant. First, Art. 345(A) provides:
 A surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purposes of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligation under the bond.
Second, Art. 345(B) provides:
 If the defendant is incarcerated by the officer originally charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may apply for and receive from the officer charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer charged with the detention of the defendant as to the identity of the defendant. Thereafter, the surety shall be fully and finally discharged and relieved of any and all obligations under the bond.
Once a surety qualifies under either of the above provisions, the surety is not automatically relieved from its bond obligations. It is the opinion of this office that the above provisions must be read in conjunction with C.Cr.P. Art.345(C)(F). According to C.Cr.P. Art. 345(C), the certificate of surrender or letter of verification will only be issued to the surety after a twenty-five dollar fee has been paid to the officer charged with the defendant's detention. After the surety pays the twenty-five dollar fee and receives the letter of verification or certificate of surrender, the surety must then present the letter or certificate to the court by way of summary proceeding. C.Cr.P. Art. 345(F) and La. R.S. 15:85(5). After all of the foregoing is completed, the court will order that the surety be exonerated from all liability on his bail undertaking, and any judgment of bond forfeiture shall be set aside. C.Cr.P. Art. 345(F).
In short, if a surety surrenders a defendant under either C.Cr.P. Art. 345(A) or (B), it is the opinion of this office that the surety is required to pay the C.Cr.P. Art. 345(C) twenty-five dollar fee.
A third way for a surety to surrender a defendant is outlined in La. C.Cr.P. Art. 345(D). Under this article, if a surety proves to the court that the defendant is incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the surety can have the judgment of bond forfeiture set aside. In order for the surety to carry its burden, the surety must prove all of the following:
 (1) The defendant or his sureties filed a motion in summary proceeding within the six-month period.
 (2) The defendant's sureties produced to the court adequate proof of defendant's incarceration, or the officer originally charged with defendant's detention verifies the defendant's incarceration.
 (3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention.
La. C.Cr.P. Art. 345(D).
It should be noted that La. C.Cr.P. Art. 345(D) provides that upon proof of its conditions, "the judgment of bond forfeiture is deemed satisfied . . ." Art. 345(D) does not state that the surety shall be fully and finally discharged and relieved of any and all obligations under the bond. Because of this, it is the opinion of this office that when a surety complies with the provisions of Art. 345(D), he has simply taken a step in surrendering the defendant. In order to complete the surrender, and to receive all of the benefits of a surrender, the surety must then comply with part (B) of Art. 345; namely, get a letter verifying that the defendant is incarcerated when the defendant is returned to the officer charged with his detention. As mentioned above, the reason for this conclusion is because part (D) of Art. 345 does not fully discharge the surety from any and all obligations under the bond; therefore, to have a completed surrender, the surety must comply with part (F) of Art. 345 which requires a letter of verification before the surety can complete the surrender of the defendant. Because the surety must obtain a letter of verification, it is the opinion of this office the surety will eventually have to pay the Art. 345(C) twenty-five dollar fee before the defendant is properly surrendered under C.Cr.P. Art. 345(D).
Finally, Art. 345(E) allows the surrender of a defendant when the surety proves to the court that the defendant is deceased. As above, this proof must be brought before the court within six months from the mailing of the notice of bond forfeiture. Art. 345(E) requires that the proof of the defendant's death be in the form of a "certificate of death naming the defendant as the deceased party", and that the "certificate shall be under seal of the authority confirming the defendant's death." Art. 345(E) also specifically provides that when the death of the defendant is proven in this manner, the court shall fully and finally discharge and relieve any and all obligations under the bond. Under Art. 345(E), there is no need for the surety to pay the twenty-five dollar fee. The surety is discharged upon proof of death, not proof of custody.
If a defendant has been surrendered, in accordance with the first three provisions outlined above, C.Cr.P. Art. 347 states that the defendant is still entitled to bail. The court may simply set a new bail amount, and the defendant will then be burdened with meeting this new bail obligation.
If the defendant has not been properly surrendered, in accordance with the first three provisions outlined above, any return of the defendant should be considered as an appearance. Like a surrender, this appearance must be made within the time for setting aside the judgment of bond forfeiture. In State v. Wheeler, supra, our Supreme Court held that when a defendant appeared in court to plead not guilty, after the defendant's bond had been forfeited, the defendant had made an appearance. As the Wheeler court found, once the defendant is physically before the court, the judgment of bond forfeiture may be set aside. InWheeler, the judgment of bond forfeiture was set aside on the court's own motion. The Wheeler decision also stands for the proposition that a defendant may be released after an appearance without any modification to the bail obligation. The result of such a release is to place the surety and defendant in the same position they occupied before the bond was forfeited.Wheeler at 1386.
Although the Code of Criminal Procedure does not specifically define appearance, it is the opinion of this office that the term should be given a broad interpretation. In conformity with the Wheeler decision, the trial court should find that the defendant has made an appearance when the defendant is physically present before the trial court, or when the defendant is within the custody of the officer charged with the defendant's custody. Either of these two situations should be adequate as an appearance, as long as they occur within six months of the mailing of the notice of bond forfeiture. As mentioned above, upon proof of either of these conditions, the court, on its own motion, may set aside the judgment of bond forfeiture.
In addition to the situations described above, a surety is afforded defenses under La. R.S. 15:87. La. R.S. 15:87 allows a surety to either prevent the judgment of bond forfeiture from ever being issued, or to have the judgment set aside after issuance. First, La. R.S. 15:87(A) allows for certain reasons to be given which may stop the court from forfeiting the defendant's bond. La. R.S. 15:87(A) provides:
 No judgment decreeing the forfeiture of an appearance bond shall be rendered if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
 (2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
La. R.S. 15:87(B) further provides that these obstacles may be proven by:
 A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear . . .
Second, La. R.S. 15:87(C) provides that if the judgment of bond forfeiture is issued, the surety or defendant has six months from the mailing of the notice of bond forfeiture to file a motion to set aside the judgment. The defendant or his surety must prove that the defendant was prevented from appearing on the assigned date for one of the reasons stated in La. R.S 15:87(A),supra. The defendant or his surety may establish this claim as provided in La. R.S. 15:87(B), supra. If the above is proven to the court's satisfaction, the judgment of bond forfeiture shall be set aside. La. R.S. 15:87(C). Note that this is not a surrender; the surety is not released from his bail obligation.
You have also asked whether a surety can arrest the defendant on the bench warrant, even though he may arrest the defendant on the original charge for the purposes of surrendering him. As cited above, C.Cr.P. Art. 345(A) provides that a surety may arrest a defendant for the purposes of surrendering him. Under this provision, a surety is given express authority to arrest a defendant, but only for the purposes of surrendering him. For the purposes of arresting under an arrest warrant, C.Cr.P. Art. 204 is controlling. Art. 204 states that an arrest warrant "shall be executed only by a peace officer." Peace officer is defined by La. R.S. 40:2402(1)(a) (b). La. R.S.40:2402(1)(a) provides:
 "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
La. R.S. 40:2402(1)(b) provides:
 "Peace officer" shall also include those sheriff's deputies whose duties include the care, custody, and control of inmates.
To answer your question, a surety may not arrest the defendant on the arrest warrant unless he is also a peace officer.
Your final question deals with who has authority to set aside the defendant's bond. As explained above, once the defendant fails to appear, the bond is normally forfeited and an arrest warrant is issued. If the defendant is timely surrendered, the first bail is set aside and a new bail obligation will be set. If the defendant makes a timely appearance, the court has discretion whether or not to modify the current bail obligation. This modification is governed by C.Cr.P. Art. 342, which states that the court, the state, or the defendant may request a modification of the bail obligation. Once the bail obligation is modified, Art. 342 states that liability of the surety is terminated and that new bail must be posted in the amount of the new bail order. Of course, if either the appearance or surrender is not timely, then there is no authority to set aside the bond.
Should you have any further inquiries, please contact this office.
With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ KAREN L. GODWIN Assistant Attorney General
[1] In addition, La. R.S. 15:85(9) states:
 Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. not filed within sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.